UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MUHAMMAD M. BUTT,

Plaintiff,  Case No.
 Honorable

v.

KROLL FACTUAL DATA, INC., d/b/a
FACTUAL DATA

Defendants.
_____/

HADOUS|CO. PLLC
Nemer N. Hadous (P82285)
1 Parklane Blvd., Suite 729 East
Dearborn, Michigan 48126
(313) 415-5559 (phone)
nhadous@hadousco.com
Attorneys for Plaintiff Butt

PRICE LAW GROUP, APC
David A. Chami (AZ: 027587)
david@pricelawgroup.com
Attorneys for Plaintiff Butt

## CLASS ACTION COMPLAINT

## JURY DEMAND

Plaintiff Muhammad M. Butt, ("Plaintiff"), by counsel, brings this action on behalf of himself and a Class of similarly situated persons, and except as to those allegations that pertain to Plaintiff or his attorneys, which allegations are based upon personal knowledge, alleges the following upon information and belief

against Defendant Kroll Factual Data, Inc. ("Defendant") for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

PRELIMINARY STATEMENT

1. This is a consumer class action by the Plaintiff against Defendant Kroll Factual Data, Inc. ("Defendant") for negligent and/or willful violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

2. This action challenges Defendant's policy and practice of reporting false, inaccurate, incorrect, incomplete, and outdated civil judgment information pertaining to consumers in the State of Michigan, and Defendant's failure to maintain reasonable procedures to ensure maximum possible accuracy of reported civil judgment information, when providing consumer reports to third parties in connection with requests for consumer credit information.

3. Defendant violates the FCRA by routinely and systematically failing to update/verify civil judgment information pertaining to consumers. Defendant routinely supplies consumer reports to third parties with false, inaccurate, incorrect, incomplete, and outdated civil judgment information when these judgments are discharged in bankruptcy, appealed, set aside, vacated, or otherwise satisfied by the consumer.

4. The national consumer reporting agencies (credit bureaus) recently ceased reporting civil judgments due to the same accuracy issues. Nonetheless,

consumers remain at peril from the reporting of inaccurate and incorrect civil judgment information due to reporting of the same by specialty consumer reporting agencies like Defendant.

5. Plaintiff, on behalf of himself and all similarly situated persons, asserts this case as a class action against Defendant for violations of the FCRA.

## JURISDICTION AND VENUE

6. This Court has federal question jurisdiction because this action arises out of violations of federal law. 28 U.S.C. §§ 1331. Jurisdiction is also proper pursuant to 15 U.S.C. 1681p (FCRA) (permitting actions to enforce liability in an appropriate United States District Court).

7. Venue in the Eastern District of Michigan is proper because Defendant regularly transacts business within this District, is otherwise subject to personal jurisdiction in this District, and a substantial part of the events giving rise to the claims occurred in this District. 28 U.S.C. § 1391(b).

## PARTIES

8. Plaintiff, on behalf of himself and the proposed Class, incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth at length herein.

9. Plaintiff is an individual who resides in Wayne County Michigan.

10. During all time pertinent to this Complaint, Defendant was authorized to conduct business in the State of Michigan and conducted business in Michigan on a routine and systematic basis.

11. Defendant can be served with process through its registered agent: CSC-Lawyers Incorporating Service (Company), 601 Abbot Road, East Lansing, Michigan 48823.

12. Defendant is a "consumer reporting agency," as defined by 15 U.S.C. §1681a(f) of the FCRA. Defendant regularly furnishes consumer reports to third parties for monetary compensation, fees and other dues.

13. During all time pertinent to this Complaint, Defendant acted through authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

14. Any violations by Defendant were not in good faith, were knowing, negligent, willful, and/or intentional, and Defendant did not maintain reasonable procedures to avoid any such violation.

FACTUAL ALLEGATIONS

15. Plaintiff, on behalf of himself and the proposed Class, incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth at length herein.

16. Plaintiff filed for Chapter 7 Bankruptcy in 2014. Like millions of Americans, Plaintiff needed a fresh start after suffering financial calamity.

17. Plaintiff listed among his debts, an alleged debt to Mayflower Auto, Inc., for which a civil judgment and garnishment were in place.

18. Plaintiff listed the case name and case number of the Mayflower judgment, as well as court where that action was pending (State of Michigan – 35th District Court). The state district court received notice of the bankruptcy, and this was reflected in the district court's register of actions. Plaintiff's garnishment ceased and the underlying case was closed by the state district court.

19. Plaintiff subsequently received a bankruptcy discharge of this and other alleged debts.

20. During September 2018, Plaintiff applied for mortgage loan through Hall Financial Group to purchase of a residential home.

21. As part of the loan application process, Hall Financial Group purchased a consumer report (credit report) concerning Plaintiff from Defendant.

22. Defendant reported to Hall Financial Group that Plaintiff had an outstanding balance on a "filed" judgment in the amount of $706.00. Plaintiff could not be approved for a mortgage with the judgment reported by Defendant.

23. Consequently, Plaintiff was forced to seek the assistance counsel to remedy the demonstrably false information reported by Defendant.

24. As a result of Defendant's inaccurate, incorrect, and misleading information, Plaintiff suffered damages.

## DEFENDANT'S ROUTINE POLICY AND PRACTICES

25. Plaintiff, on behalf of himself and the proposed Class, incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth at length herein.

26. It was and remains Defendant's routine policy and practice to obtain public record information about consumers, including civil judgment information.

27. It was and remains Defendant's routine policy and practice to sell consumer reports containing civil judgment information to third parties.

28. It was and remains Defendant's routine policy and practice to systematically fail to ensure the accuracy of civil judgment information, by failing to employ reasonably procedures to update and/or verify consumer civil judgment information.

29. It was and remains Defendant's routine policy and practice to report false, inaccurate, incorrect, misleading, and outdated, civil judgment information about consumers to third parties.

## CLASS ALLEGATIONS

30. Plaintiff, on behalf of himself and the proposed Class, incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth at length herein.

31. Plaintiff asserts this action on behalf of himself and on behalf of a class of persons similarly situated pursuant to Fed. R. Civ. P. 23(a), 23(b)(3).

32. The "Class" is defined as all consumers: (1) regarding whom Defendant furnished a consumer report to a third party; (2) in the five years preceding the date of class certification; (3) that reported a civil judgment in Michigan as unpaid or with a current balance, (4) when such judgment was discharged in bankruptcy, satisfied, set aside, vacated, appealed and/or dismissed with prejudice (5) prior to the date of the consumer report.

33. Defendant and its employees or agents are excluded from the Class.

34. Plaintiff does not know the exact number of persons in the Class, but believes them to be in the several thousands, making joinder of all these actions impracticable.

35. Plaintiff contemplates providing notice to the proposed Class members by direct mail in the form of a postcard and via Internet website.

36. Joinder of the Class members is impractical, and the disposition of their claims in the class action will provide substantial benefits Court and the

parties. The identity of the individual Class members is ascertainable through Defendant's records, or by public notice.

37. Commonality [Fed. R. Civ. P. 23(A)(2)]. Common questions of law and fact apply to the claims of all Class members, and predominate over any issues affecting only individual Class members. Material questions of law and fact common to the Class includes, without limitation:

   (a) Whether Defendant's procedures, or lack thereof, to update or verify civil judgments were reasonable;

   (b) Whether Defendant knowingly, intentionally, and/or negligently acted in conscious disregard of consumer rights;

   (c) Whether Defendant's conduct as herein alleged violates of the FCRA;

   (d) Whether Class members are entitled to statutory damages pursuant to the FCRA; and

   (e) Whether Class members are entitled to an award of reasonable attorneys' fees and costs of suit pursuant to the FCRA.

38. Typicality [Fed. R. Civ. P. 23(a)(3)]. Plaintiff's claims are typical of the claims of the Class members. Plaintiff is making the same claims and seeking the same relief as all Class members based on the same federal statute, facts, and legal theories, i.e., Defendant's routine and systematic failure to update, verify, or otherwise correct civil judgment information for civil judgments that have been

discharged in bankruptcy, satisfied, set aside, vacated, appealed and/or dismissed with prejudice. Defendant's routine policy and practice, as herein alleged, afflicts Plaintiff and all Class members alike, and arises from the same underlying facts.

39. <u>Fair and Adequate Representation [Fed. R. Civ. P. 23(a)(4)]</u>. Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff is an adequate representative of the Class because his interests align with the Class, and are not antagonistic to the interests of the members of the Class he seeks to represent. Plaintiff and counsel are committed to fairly and adequately protecting the interests the Class. Plaintiff has retained counsel competent and experienced in consumer litigation, including class and complex litigation. Plaintiff and counsel will vigorously prosecute this action.

40. <u>Need for Consistent Standards and Practical Effect of Adjudication [Fed. R. Civ. P. 23(b)(1)]</u>. Class certification is appropriate because the prosecution of individual actions by the Class members pose the risk of inconsistent adjudications that could establish incompatible standards of conduct for Defendant. Adjudication of Plaintiff's claims will be dispositive of the interests of Class members who are not parties.

41. <u>Predominance and Superiority [Fed. R. Civ. P. 23(b)(3)]</u>. Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods

for fair and efficient adjudication for the controversy. It would be virtually impossible for the members of the Class individually to redress effectively the wrongs done to them. Even if Class members could afford individual litigation and/or were aware of the alleged wrongs; such litigation would be an unnecessary burden on the Courts and unlikely to offer meaningful relief. Further, individual litigation poses a risk of inconsistent or contradictory judgments, and increases the delay and expense to all parties and courts. By contrast, a class action will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in this case.

(a) Proving Plaintiff's claims will also prove the claims of the Class without the need for separate or individualized proceedings, since such claims are based on Defendant's routine, standard policies and practices;

(b) Likewise, evidence pertaining to any defense or exception to liability Defendant may assert will come from Defendant's records and will not require individualized or separate inquires or proceedings;

(c) Defendant has acted pursuant to common policies and practices that affect all Class members;

(d) The amount likely to be recovered by individual Class members does not support separate, individual litigation. A class action will permit a

large number of relatively small claims involving essentially identical facts and legal issues to be resolved efficiently in one proceeding based on common proofs;

(e) This case is inherently manageable as a class action because:

(i) Defendant's maintains records in the regular course of business, which will enable Plaintiff to readily identify Class members and establish liability and damages;

(ii) Liability and damages can be established for Plaintiff and the Class with the same common proofs;

(iii) Statutory damages are provided for in the statute and are the same for all Class members and can be calculated in the same or a similar manner;

(iv) A class action will result in the orderly and expeditious administration of claims; fostering economies of time, effort and expense; and

(v) A class action will contribute to uniformity of decisions concerning Defendant's challenged practices and policies; and

(vi) The claims of the Class will likely go unaddressed absent class certification.

42. Injunctive relief pursuant to Fed. R. Civ. P. 23(b)(2) is appropriate for the Class. Class certification is also appropriate because Defendant has acted on grounds generally applicable to the Class, making appropriate equitable injunctive relief with respect to Plaintiff and the Class members.

43. Defendant violated 15 U.S.C. § 1681e(b) as to the Plaintiff and to the Class by failing to maintain reasonable procedures to assure maximum possible accuracy in the preparation of the consumer reports furnished to third parties regarding Plaintiff and other Class members.

44. Defendant's violation of § 1681e(b) was willful, rendering the Defendant liable pursuant to 15 U.S.C. § 1681n.

45. Alternatively, Defendant was negligent, entitling Plaintiff and the Class to recover damages pursuant to 15 U.S.C. § 1681o.

46. Plaintiff and each Class member suffered an actual injury and loss because of Defendant's violation of § 1681e(b) as alleged herein.

47. Plaintiff and each Class member are therefore entitled to recover statutory damages up to $1,000, punitive damages, costs, and attorney's fees from the Defendant in an amount to be determined by the Court pursuant to § 1681n.

## COUNT ONE
## FAIR CREDIT REPORTING ACT VIOLATIONS
## FAILURE TO MAINTAIN REASONABLE PROCEDURES
## 15 U.S.C. § 1681(e)(b)

48. Plaintiff, on behalf of himself and the proposed Class, incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth at length herein.

49. The United States Congress has found that the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continual functioning of the banking system.

50. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., to ensure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy.

51. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other consumer information. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

52. The FCRA requires consumer reporting agencies like Defendant to maintain reasonable procedures to ensure maximum possible accuracy of consumer information.

53. Defendant negligently and/or willfully violated 15 U.S.C. §§ 1681e(a) and 1681e(b) by failing to maintain reasonable procedures to ensure maximum possible accuracy of Plaintiff's and the proposed Class's consumer disclosures.

54. Defendant reports false incorrect, inaccurate, misleading and outdated public record information, including civil judgments, information about Plaintiff and other consumers without verifying the accuracy thereof or updating this information as required by § 1681(d). As such, Defendant routinely and systematically reports false, inaccurate, incomplete, and misleading information about Plaintiff and other consumers to third parties.

55. Defendant knew or should have known its obligations under the FCRA. These obligations are well established by the plain language of the FCRA, in promulgations of the Federal Trade Commission, and well-established case law.

56. Defendant obtained or had available substantial written materials that apprised Defendant (and consumer reporting agencies generally) of duties and obligations concerning consumer information mandated by the FCRA.

57. Despite knowledge of these legal obligations, Defendant acted willfully in consciously breaching known duties and deprived Plaintiff and other Class members of their rights under the FCRA.

58. Alternatively, Defendant was negligent, entitling Plaintiff and the Class to recover damages pursuant to 15 U.S.C. § 1681o.

59. Defendant is direct and proximate cause, as well as a substantial factor in causing actual damages and harm to Plaintiff and the Class members.

60. Consequently, Defendant is liable for statutory damages, punitive damages, attorneys' fees, costs, as well as other such relief permitted by 15 U.S.C. § 1681 et seq.

## PRAYER FOR RELIEF

61. WHEREFORE, Plaintiff on behalf of himself and the proposed Class, respectfully requests that this Honorable Court enter an Order for relief, including the following:

Fair Credit Reporting Act Violations

(a) Certification to proceed as a class action as requested herein;

(b) Appointment of Plaintiff as Class representative;

(c) Appointment of Plaintiff's counsel as Class counsel;

(d) An award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1) and § 1681o(a)(1), for Plaintiff and each Class member;

(e) An award of punitive damages, as allowed by the Court pursuant to 15 U.S.C. § 1681n(a)(2), as well as costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3) and § 1681o(a)(2); and

(f) Such other and further relief as this Honorable Court may deem just and proper, including injunctive relief and/or post-judgment interest.

## JURY DEMAND

62. Plaintiff, on behalf of himself and on behalf of the Class, hereby demands a jury trial on all issues so triable in Detroit, Michigan.

RESPECTFULLY SUBMITTED this 21st day of November 2018,

HADOUS|CO. PLLC

/s/Nemer N. Hadous
Nemer N. Hadous (P82285)
1 Parklane Blvd., Suite 729 East
Dearborn, Michigan 48126
(313) 415-5559 (phone)
(888) 450-0687 (fax)
nhadous@hadousco.com
Attorneys for Plaintiff Butt