UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MUHAMMAD M. BUTT,

                Plaintiff,        Case No. 18-cv-13641

v.                                     Paul D. Borman
                                      United States District Judge
FD HOLDINGS, LLC d/b/a
FACTUAL DATA, KROLL         Mona K. Majzoub
FACTUAL DATA, INC.,           United States Magistrate Judge
and CBCINNOVIS, INC.,

                Defendants.
_____/

## OPINION AND ORDER GRANTING DEFENDANT FD HOLDINGS, LLC d/b/a FACTUAL DATA'S MOTION TO DISMISS THE "AMENDED" COMPLAINT (ECF #15)

### I.    BACKGROUND

Before the Court is Defendant FD Holdings, LLC d/b/a Factual Data's ("FD Holdings") Motion to Dismiss Plaintiff Muhammad M. Butt's Amended Complaint (ECF #5) pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF #15.)

On November 21, 2018, Plaintiff initiated this lawsuit by filing a one-count Class Action Complaint against Defendant Kroll Factual Data, Inc., d/b/a/ Factual Data, alleging violations of 15 USC § 1681e(b), the Fair Credit Reporting Act ("FCRA"), for failure to maintain reasonable procedures, individually and on

1

behalf of a putative class.[1] (ECF #1.) On December 10, 2018, Plaintiff filed a Second Class Action FCRA Complaint against Kroll Factual Data, Inc., d/b/a Factual Data; FD Holdings, LLC, d/b/a Factual Data; and CBC Innovis, Inc.[2] (ECF #15.)

On February 8, 2019, Defendant FD Holdings filed its Motion to Dismiss the December 10, 2018 Complaint. (ECF #15.) Plaintiff responded on February 27, 2019 (ECF #17), and FD Holdings filed its Reply on March 12, 2019 (ECF #18.) The Court held a hearing on the matter on May 8, 2019.

## II. FACTS

The facts as alleged in the Amended Complaint are taken as true for purposes of the instant Motion to Dismiss. *In re Delorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993). On January 22, 2014, Plaintiff filed a petition for Federal Chapter 7 bankruptcy. (Am. Compl., ECF #5, ¶17;) Def.'s Mot., (ECF #15-3, Ex. 3.)

---

[1] In Count I, Plaintiff also makes passing reference to violations of Section 1681(d) and Section 1681e(a). Upon review, Section 1681 does not include a subsection d, nor are there any allegations in the Complaint as to Section 1681e(a), which deals with the identity and purpose of credit report users.

[2] Plaintiff's Second Class Action Complaint filed on December 10, 2018 was not styled as an Amended Complaint, but the Parties and the Court treat it as such. Plaintiff subsequently dismissed Second Complaint Defendants CBCInnovis, Inc. and Kroll Factual Data, Inc. on January 30, 2019. (ECF #14.)

Plaintiff's attorney who filed the instant FCRA case is the same attorney who filed Plaintiff's Chapter 7 Bankruptcy Petition.

The Bankruptcy Petition Schedule F (ECF #15-3, PgID 94) filed on January 22, 2014 requires a listing of unsecured nonpriority claims. On the far left column, the Schedule instructed the petitioner to list "Creditor's Name, Mailing Address Including Zip Code, and Amount Number." As to the Mayflower matter, Plaintiff's counsel listed, as the creditor, "State of Michigan – 35th District, 660 Plymouth Rd., Plymouth, MI 48170." The Schedule F column to the right, requiring "Date Claim was incurred and consideration for claim. . ." listed "Case No. 11C5291GC, Mayflower Auto Transport Inc. v. Muhammed Butt." The far right column for listing "Amount of Claim" listed "$706." Thus, Plaintiff's counsel failed to list Mayflower Auto Transport as an unsecured creditor in his bankruptcy filing, Schedule F. [3]

Further, in this Bankruptcy Petition, Plaintiff's counsel did not list Mayflower as a creditor on the Bankruptcy Court Verification of Creditor Matrix. (Def.'s Mot., ECF #15-3, PgID 111-113). The initial page of the Verification (PgID 111) states in bold face: "VERIFICATION OF CREDITOR MATRIX," and

---

[3] "Documents that a defendant attaches to a Motion to Dismiss are considered part of the pleadings if they are referred to in the Plaintiff's Complaint and central to her claim." *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997). Thus, the Plaintiff's bankruptcy filings are part of the pleadings in this Motion to Dismiss.

then states in regular type: "The above named debtor hereby verifies that the attached Matrix Listing Creditors is true to the best of my knowledge." (ECF #15-3, PgID 111.) That attached Matrix does not list Mayflower. (ECF #15-3, PgID 112-113.) The Matrix determines the parties that will receive notice of the bankruptcy proceedings.

Further, Mayflower was not listed on the Bankruptcy Court "Notice Chapter 7 Bankruptcy case, Meeting of Creditors, and Deadlines," setting a meeting of Creditors Date, February 20, 2014. (Def.'s Mot., Ex. 4, ECF #15-4, PgID 114). That Certificate of Notice states "Notice by First Class Mail was sent to the following persons/entities by the Bankruptcy Noticing Center on January 24, 2014." (ECF #15-4, PgID 116.) The Notice lists, *inter alia,* Credit Acceptance, another creditor with a 35th District Court judgment against Plaintiff; it did not list Mayflower.

Thus, while Plaintiff's attorney had listed on the Matrix, the State 35th District Court, he did not reference Mayflower on the Matrix or the Certificate of Notice. (Def.'s Mot., ECF #15-3, PgID 112, ECF #15-4, PgID 116).

On April 22, 2014, Plaintiff debtor was granted a Chapter 7 discharge under Title 11 USC §727 (ECF #15-5, PgID 114).[4] The Bankruptcy Court's 2 page

---

[4] Title 11 of the U.S. Code is commonly referred to as the Bankruptcy Code. *See Mission Prod. Holdings, Inc. v. Tempnology, LLC*, 587 U.S. __, __ S. Ct. __, No. 17-1657, 2019 WL 2166392, at *2 (May 20, 2019).

"Discharge Order" did not list the specific debts discharged. (Am. Compl., ECF #15-5, PgID 117.) Significantly, creditor Mayflower, which had not been listed on the Matrix or the Discharge Order, would not receive any such Certificate of Notice of the Discharge. *In re Butt*, No. 14-40820, ECF #20, p. 3 (Bankr. E.D. Mich. Apr. 22, 2014).

The State 35th District Court, which was listed on the Matrix and on the Certificate of Notice, would have received notice of both the bankruptcy filing per the Matrix, and the discharge of Mayflower on April 28, 2014. (Am. Compl., ECF #5, ¶19 and ¶20; Def.'s Mot., ECF #15-2, PgID 75.) A docket entry in the 35th District Court Mayflower action dated April 28, 2014 reported "DISCHARGE OF DEBTOR FILED." (ECF #15-2, PgID 75; Def.'s Mot., ECF #15-1, PgID 65-71.) However, given the Bankruptcy Court filings/rulings, that was incorrect as to Mayflower, because it was never listed as a creditor.

In September 2018, Plaintiff applied for a residential home loan through Hall Financial Group ("Hall"). (Am. Compl., ECF #5, ¶21.) Hall purchased a credit report on Plaintiff from Defendant FD Holdings. Plaintiff alleges that the credit report listed the March 2012, $706 judgment "filed" in the Mayflower action. Plaintiff alleges that Hall declined approval of Plaintiff's loan application in light of the Mayflower judgment. (Am. Compl., ECF #5, p.6 ¶23.)

Plaintiff alleges that he "was forced to seek the assistance of counsel to remedy the demonstrably false information" reported on the credit report. (Am. Compl., ECF #5, p.6 ¶24.) Plaintiff's hired counsel in the instant FCRA case was his Bankruptcy counsel. Plaintiff's counsel did not contact FD Holdings with regard to the credit report. Instead he filed the instant lawsuit against FD Holdings.

Of great significance is that the 35th District Court's docket for the Mayflower action indicates that Plaintiff, or more likely his counsel, contacted that Court on October 3, 2018, to clarify that Mayflower had been omitted from the Bankruptcy Petition's Creditor Matrix: "PURSUANT TO CALL FROM D02 [Plaintiff], RAN PACER [Public Access System for the Federal Judiciary]; THIS PLTF [Mayflower] IS **NOT** LISTED ON HIS CREDITOR MATRIX." (ECF #15-2, PgID 75.) Thus, on October 3, 2018, the 35th District Court confirmed from Plaintiff's call that Plaintiff's Mayflower debt had not been listed as discharged, per the official the Federal Bankruptcy Court PACER Website.

This clearly explains the problem that Plaintiff's counsel created for his client. Thus, while Plaintiff's counsel alleged that he filed this lawsuit on November 21, 2018 to "remedy" the situation, it was a situation that he created by not listing unsecured creditor Mayflower on the Schedule F, on the Creditor Matrix and on the Creditor Meeting notice in his Chapter 7 Bankruptcy filings, all of

which resulted in that debt not being listed on the Federal Judiciary Access System (Website PACER) as discharged in the Bankruptcy Court.

### III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) allows for the dismissal of a case where the complaint fails to state a claim upon which relief can be granted. When reviewing a motion to dismiss under Rule 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Handy-Clay v. City of Memphis*, 695 F.3d 531, 538 (6th Cir. 2012).

To state a claim, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he complaint 'does not need detailed factual allegations' but should identify 'more than labels and conclusions.'" *Casias v. Wal–Mart Stores, Inc.*, 695 F.3d 428, 435 (6th Cir. 2012) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The court "need not accept as true a legal conclusion couched as a factual allegation, or an unwarranted factual inference." *Handy-Clay*, 695 F.3d at 539 (internal citations and quotation marks omitted).

In other words, a plaintiff must provide more than "formulaic recitation of the elements of a cause of action" and his or her "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at

555-56. The Sixth Circuit has reiterated that "[t]o survive a motion to dismiss, a litigant must allege enough facts to make it plausible that the defendant bears legal liability. The facts cannot make it merely possible that the defendant is liable; they must make it plausible." *Agema v. City of Allegan*, 826 F.3d 326, 331 (6th Cir. 2016) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## IV. ANALYSIS

Plaintiff alleges that FD Holdings violated 15 U.S.C. § 1681e(b) of the FCRA by negligently or willfully providing Hall with inaccurate information regarding his discharged debt to Mayflower due to its failure to maintain reasonable procedures. (Am. Compl., ECF #5.) Defendant argues that the Court should dismiss the Amended Complaint because the credit report provided to Hall was accurate, it followed reasonable procedures in producing the report, and Plaintiff did not suffer any injury. (ECF #15-7.)

The FCRA "imposes distinct obligations on three types of entities: (1) consumer reporting agencies: (2) users of consumer reports; and (3) furnishers of information to consumer reporting agencies." *Nelski v. Trans Union, LLC*, 86 F. App'x 840, 844 (6th Cir. 2004) (citation omitted). Plaintiff alleges that Defendant is a consumer reporting agency. (Am. Compl., ECF #5, ¶13.) The FCRA requires consumer reporting agencies to follow reasonable procedures to "assure maximum possible accuracy" when preparing consumer reports (a/k/a credit reports):

8

> Accuracy of report. Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

15 U.S.C. § 1681e(b).

Although a showing of inaccuracy is an essential element of a claim under Section 1681e(b), the FCRA does not impose strict liability for incorrect information appearing on an agency's credit reports. *See Spence v. TRW. Inc.*, 92 F.3d 380, 382–83 (6th Cir.1996). Liability flows only from a "failure to follow (1) reasonable procedures (2) to assure maximum possible accuracy of the information (3) concerning the individual about whom the information relates." *Nelski v. Trans Union*, 86 F. App'x 840, 844 (6th Cir. 2004) (quoting *Bryant v. TRW. Inc.*, 689 F.2d 72, 78 (6th Cir. 1982))." The exercise of reasonable care is determined by what a reasonably prudent person would do under the circumstances. *Id.* In order to state a claim for liability under Section 1681e(b), Plaintiff must prove that:

> (1) the defendant reported inaccurate information about the plaintiff; (2) the defendant either negligently or willfully failed to follow reasonable procedures to assure maximum possible accuracy of the information about the plaintiff; (3) the plaintiff was injured; and (4) the defendant's conduct was the proximate cause of the plaintiff's injury.

*Nelski* at 844. (citation omitted). In the instant case, the Court concludes that Plaintiff counsel's negligent/careless conduct was the proximate cause of any potential injury to Plaintiff.

9

FD Holdings argues that Plaintiff falls short on three of the four elements: (1) the credit report was accurate; (2) it followed reasonable procedures by relying on the LexisNexis report; and (3) Plaintiff did not suffer a cognizable injury caused by Defendant, by paying to retain counsel to "remedy" the credit report. (Def.'s Mot., ECF #15-7, PgID 135.)

A plaintiff may be awarded actual damages or "damages of not less than $100 and not more than $1,000." 15 U.S.C. § 1681n(a)(1)(A). But where a defendant has acted willfully/recklessly, the statute sets liability higher: "actual damages ... or $1,000, whichever is greater." 15 U.S.C. § 1681n(a)(1)(B). The "high risk of harm, objectively assessed, [] is the essence of recklessness at common law…[A] company subject to FCRA does not act in reckless disregard of it unless the action is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 69 (2007).

**A. Accuracy of the Reported Information**

FD Holdings contends that the information about the Mayflower judgment was accurate. In *Cahlin v. General Motors Acceptance Corp.,* 936 F.2d 1151, 1156 (11th Cir. 1991), a case relied upon by the Sixth Circuit in *Spence,* 92 F.3d at 382, the Eleventh Circuit explained:

> [A] plaintiff has failed to carry his initial burden if a court finds that the information contained in a challenged credit report was accurate on its face, or, put somewhat differently, "*technically accurate*." That is, a credit reporting agency satisfies its duty under section 607(b) if it produces a report that contains factually correct information about a consumer that might nonetheless be misleading or incomplete in some respect.

*Cahlin* at 1156 (emphasis added).

Plaintiff argues that information is technically inaccurate if it misleading, but that is not the law of this circuit. *Spence,* 92 F.3d at 382; *Dickens v. Trans Union Corp.*, 18 F. App'x 315, 318 (6th Cir. 2001) ("In maintaining that the credit report was so misleading as to be inaccurate within the meaning of § 1681e(b), Dickens urges us to reject the 'technical accuracy' approach adopted in *Spence* and *Cahlin*. We decline to do so."); *Turner v. Experian Info. Sols., Inc.*, No. 17-3795, 2018 WL 3648282, at *3 (6th Cir. Mar. 1, 2018) ("Information that is technically accurate, though perhaps misleading or incomplete, is not inaccurate within the meaning of § 1681e(b).").

The Discharge Order states that "[t]he chapter 7 discharge eliminates a debtor's legal obligation to pay a debt that is discharged," and, of particular import to this case, that "[s]ome debts which were not properly listed by the debtor" are "debts which are <u>not</u> discharged in a chapter 7 bankruptcy case." (Def.'s Mot., ECF #15-5, PgID 118.) (Emphasis in original.) In the instant case, the creditor

Mayflower's debt was not properly listed by the debtor's attorney on the Schedule F, Matrix or the Certificate of Notice.

Thus, Plaintiff's argument that the Bankruptcy Court discharge filing gave notice to FD Holdings that the Mayflower debt was discharged and therefore the credit report was inaccurate, is without merit. Plaintiff 's counsel failed in his obligation to include Mayflower on the Bankruptcy Petition Schedule F as an unsecured creditor on the list of creditors, and on the Creditor Matrix that would receive notice regarding his bankruptcy matters, and on the Bankruptcy Court Notice for Meeting of Creditors on February 20, 2014. By the close of the Bankruptcy case, it was not clear from the record that the Mayflower debt was discharged. Indeed, just the opposite – that it was not discharged. Plaintiff cannot convert his own negligence in the Bankruptcy proceedings into grounds for an individual or class action claim against FD Holdings for not having reasonable procedures. Therefore, Plaintiff has not stated a claim for a violation of Section 1681e(b).

**B. Reasonable Procedures**

Plaintiff has not sufficiently pled that FD Holdings did not follow reasonable procedures. Plaintiff's Bankruptcy counsel's errors, by presenting in multiple filings, incomplete and inaccurate information in Plaintiff's Chapter 7 Bankruptcy proceedings, caused Plaintiff's subsequent credit reporting problem at issue in this

12

Complaint filed by that former Bankruptcy counsel. These errors in the Bankruptcy Court filings, totally undermine the validity of this Fair Credit Reporting Act claim, pursuant to 15 U.S.C. §1681e(b). FD Holdings could not have "verified" or "updated" the Mayflower judgment information by reviewing the Bankruptcy filings because of counsel's glaring omission.

To reiterate, in Plaintiffs Bankruptcy Chapter 7 Petition "Schedule F - Creditors Holding Unsecured Nonpriority Claims," filed on January 22, 2014, Plaintiff's counsel listed on Page 2 "creditor, State of Michigan – 35th District, 660 Plymouth Road." Listed under "Date Claim was Incurred and Consideration for Claim," was 35th District Court, Case No. 11C5291GC, Mayflower Auto Transport Inc. v. Muhammad Butt, and the amount of claim $706.00.

Contained in the January 22, 2014 Petition, as part of the Bankruptcy Court filing was a form titled "VERIFICATION OF CREDITOR MATRIX, the above name debtor [Muhammad Butt] hereby verifies that the attached matrix listing creditors is true to the best of my knowledge," signed by Plaintiff. (Def.'s Mot., ECF #15-3, PgID 111-13). Significantly, that attached Matrix form does <u>not</u> list Mayflower Auto Transport as a creditor; it does list a different entity that obtained a 35th District Court Judgment against Plaintiff, Credit Acceptance, as a creditor. To repeat, the function of the Creditor Matrix is to list the creditors and their addresses who will thereafter receive notices from the Bankruptcy Court. Thus,

13

Mayflower Auto Transport would not receive any Bankruptcy Court notices, nor would anyone reading the Bankruptcy Court Verified Creditor Matrix ascertain that Mayflower Auto Transport was a creditor subject to discharge in Plaintiff Butt's Chapter 7 Bankruptcy proceeding.

In addition, Plaintiff Butt's Bankruptcy Case Form B9A, "Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors," (ECF #15-4, PgID 114), also filed by Plaintiff's counsel in the instant case, on the page titled, "The Certificate of Notice for Creditors, (ECF #15-4, PgID 116) lists," *inter alia*, State of Michigan, 35th District Court twice and Credit Acceptance – but not Mayflower Auto Transport. This again would confirm to any reader of the Bankruptcy Court record that Plaintiff's Petition did not list/regard Mayflower as a creditor that would/should receive notice of that critical creditors meeting. Thus, again, anyone examining this filing in the Bankruptcy Court record, would not assume that Mayflower Auto Transport was a creditor subject to discharge.

Finally, the Court notes that Plaintiff Butt's "Discharge of Debtor (Bankruptcy Court Official Form 18)" filed on April 22, 2014, (ECF #15-5, PgID 117) contains the following language, on Page 2 (ECF #15-5, PgID 118) under the heading "Debts That Are Not Discharged . . . (g). Some debts which were not properly listed by the debtor." In the instant case, the Mayflower debt was not

properly listed by the Plaintiff's counsel. Further, the bottom of that discharge form stated in bold face:

> This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.

(ECF #15-5, Page ID 118). Again, someone reading the Bankruptcy Court filings would reasonably conclude that the Mayflower debt was not discharged. Thus, it is clear that multiple official Bankruptcy Court forms did not list Mayflower as a creditor of Plaintiff subject to discharge. This is all the fault of Plaintiff's Bankruptcy counsel, who is also Plaintiff's counsel in the instant case.

Significantly, Page 4 of the 35th District Court Report docket, in pertinent part states: "Pursuant to Call from DO2, ran Pacer: this PLTF [Mayflower] is ** not ** listed on his Creditor Matrix." Defendant's Exh. #2. (ECF #15-2, P.4)

Thus on October 3, 2018, when the 35th District Court received this call, Plaintiff obviously had learned that Plaintiff's counsel had not listed Mayflower on Butt's Bankruptcy Court Creditor Matrix, and thus, (1) Mayflower did not receive any notice of a Bankruptcy Discharge of Plaintiff's debt to Mayflower, and (2) that anyone searching Bankruptcy Court Records under Pacer would conclude that Plaintiff's debt to Mayflower had not been discharged by the Bankruptcy Court.

15

So, on October 3, 2018, <u>after</u> Hall Financial had rejected Plaintiff's financing request in September 2018, based on the non-discharged debt to creditor Mayflower, Plaintiff's counsel or Plaintiff called the 35th District Court to inform them that he had not listed Plaintiff on the Bankruptcy Court's Creditor Matrix.

Thus, because of Plaintiff's counsel's negligence, there was no listing in the Bankruptcy Court Matrix that the Mayflower debt would have been cancelled -- that Mayflower had been discharged as a creditor, <u>prior</u> to his mortgage application to Hall Financial.

So yes, there was a failure here to follow procedures, but it was a failure by Plaintiff's bankruptcy counsel, the same counsel in the instant case, who tried to shift his negligence to FD Holdings by filing the instant Complaint. It was Plaintiff's counsel's failure to follow the required procedures in the Bankruptcy Court that caused his client's credit request in this case to be initially denied.

Plaintiff's counsel's omission of Mayflower on the Schedule F, Creditor Matrix and Certificate of Notice created a situation where anyone searching the Bankruptcy Court Website would conclude that the Mayflower debt had not been discharged.

**C. Cognizable Injury and Article III Standing**

Addressing the element of damages, Plaintiff has not alleged a cognizable injury caused by Defendant as required by the FCRA. (Def.'s Mot., ECF #15-7,

16

PgID 148-47.) Any injury suffered by Plaintiff resulted from his attorney's negligence. Plaintiff's allegation that, after Hall Financial rejected his request for financing based upon the Mayflower debt, Plaintiff was forced to retain his Bankruptcy counsel to clarify the information provided about the Mayflower judgment, was caused by his counsel's error in the Bankruptcy pleadings. This cannot satisfy an element of injury caused by FD Holdings. *See Nelski*, 86 F. App'x at 844. Here, any pre-litigation costs were created by his Bankruptcy counsel – present counsel, to correct his own erroneous Bankruptcy Court filings.

Thus, Plaintiff has not alleged a concrete injury for purposes of surviving a motion under Rule 12(b)(6). *Spokeo v. Robins*, 136 S. Ct. 1540, 1549 (2016) ("Article III standing requires a concrete injury even in the context of a statutory violation. For that reason, Robins could not, for example, allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III."). Plaintiff has failed to allege even a procedural violation of the FCRA by Defendant because the information on the credit report was accurate; Plaintiff's counsel did not list Mayflower as a creditor on the Schedule F, Matrix, nor in the Discharge Order's Certificate of Notice. Thus, Plaintiff lacks standing under Article III to bring an action under the FCRA.

## VI. CONCLUSION

Based on the reasons stated above, the Court GRANTS Defendant FD Holdings, LLC d/b/a Factual Data's Motion to Dismiss Plaintiff's Complaint(s) (ECF #15) and (ECF #5) with Prejudice.

SO ORDERED.


Dated: June 6, 2019                             s/Paul D. Borman
                                                Paul D. Borman
                                                United States District Judge